# Exhibit D

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

*Filed and Attested by the*
*Office of Judicial Records*
*06 NOV 2024 03:01 pm*
*S. GILLIAM*

| | |
|---|---|
| **STATE FARM FIRE and CASUALTY CO.** | **DOCKET NO.: 241000282** |
| **Plaintiff** | |
| **v.** | |
| **AMAZON.COM, INC.** | **NON-ARBITRATION MATTER** |
| **Defendant** | |

**NOTICE TO DEFEND**

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth
below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197 |

**de LUCA LEVINE LLC**
**BY:  DANIEL J. de LUCA**
**PA ATTY I.D. NO.: 74727**
**301 E. GERMANTOWN PIKE, 3RD FLOOR**
**EAST NORRITON, PA 19401**
**(215) 383-0081**

**ATTORNEYS FOR PLAINTIFF**

**STATE FARM FIRE and CASUALTY CO.**
**ONE STATE FARM PLAZA**
**BLOOMINGTON, IL  61710**
                                    **Plaintiff**

                    v.

**AMAZON.COM, INC.**
**410 TERRY AVENUE NORTH**
**SEATTLE, WA  98109**          **Defendant.**

**COURT OF COMMON PLEAS OF**
**PHILADELPHIA COUNTY, PA**

**DOCKET NO. 241000282**

## COMPLAINT

Plaintiff, State Farm Fire and Casualty Company ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against the Defendant, Amazon.com, Inc. ("Defendant"), complaining against it as follows:

### PARTIES

1.      Plaintiff is an Illinois corporation with its principal place of business at the above-captioned address.

2.      At all relevant times, Plaintiff was authorized to provide in Pennsylvania the insurance described herein.

3.      At all relevant times, Plaintiff provided – via an in-force policy – property (*inter alia*) insurance to Jenell & Joel Colon ("subrogors") in connection with their residential property at 620 Christian Street in Bethlehem, Pennsylvania ("subject property").

4.      As a result of claims made on said policy in connection with the incident described below, Plaintiff became subrogated to certain recovery rights and interests of subrogors, i.e. for monies paid per the policy, including the claims pursued via this action.

5. Upon information and belief, Defendant is a Washington corporation with its principal place of business at the above-captioned address; upon further information and belief, Defendant at all relevant times regularly conducted business in, including shipping products into and out of, Philadelphia, Pennsylvania.

6. Upon yet further information and belief, Defendant was at all relevant times in the business of (*inter alia*) designing, manufacturing, selling, distributing, marketing, delivering, installing, and otherwise placing into the stream of commerce consumer-used hover boards, including the hover board at issue in this case – specifically a Shenzhen Hoverstar hover board (HS2.01 Bluetooth Flash Wheel with LED light Self Balancing Wheel Electric Scooter).

7. Upon still further information and belief, Defendant was at all relevant times in the business of (*inter alia*) designing, manufacturing, selling, distributing, marketing, delivering, installing, and otherwise placing into the stream of commerce consumer-used battery chargers, including the charger at issue in this case – specifically a 42-Volt Tyzygmy charger.

8. The above-referenced hover board and charger will hereinafter be collectively referred to as "the products."

**STATEMENT OF FACTS**

9. Plaintiff repeats the facts and allegations stated in the prior paragraphs as though they were re-stated here.

10. Prior to September 15, 2023, subrogors purchased and received the products from Defendant. See Exhibit "A," subrogors' purchase history with Defendant.

11. On September 15, 2023, the products (or one of them) malfunctioned in that a failure occurred while the hoverboard was connected to the charger; this caused a fire that resulted in damages to the subject property.

Case ID: 241000282

12.    The hoverboard and charger both lacked adequate warnings and other protective devices as to (*inter alia*) the voltages with which they should be used.

13.    The damages to the subject property, as well as the imposition of additional expenses and hardship besides upon subrogors, were directly and proximately caused by Defendant as is further and more fully described below.

14.    Pursuant to the above-mentioned policy, Plaintiff paid monies in excess of $500,000.00 to subrogors for covered losses incurred in connection with the damages, etc., described above; Plaintiff thereby became subrogated to recover on the claims asserted in this action.

**COUNT I – NEGLIGENCE**

15.    Plaintiff repeats the facts and allegations stated in the prior paragraphs as though they were re-stated here.

16.    The above-described damages were the direct and proximate result of the negligence of Defendant – by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

    a.    failing to exercise reasonable care by …

        i.    failing to manufacture, assemble, sell, design, transport, distribute, install, and/or market properly functioning products, i.e. the products;

        ii.    failing to properly inspect, install, and/or test the products and/or their component parts;

        iii.    failing to properly determine that the products and/or their component parts were not in compliance with applicable standards:

        iv.    failing to provide safe and adequate use and/or installation warnings or instructions with the products; and/or

        v.    designing, manufacturing, marketing, distributing, recommending, and/or selling the products when Defendant knew or should have

Case ID: 241000282

known that they and/or their component parts would be inappropriate for the reasons for which they were purchased.

b.    failing to adequately instruct, supervise, and/or train servants, employees, subcontractors, and/or agents as to the proper ways to perform the tasks described in subparagraph (a)(i.–v.);

c.    failing to adequately warn subrogors and others of the dangers and hazardous conditions resulting from the (mis)conduct described in subparagraph (a)(i.–v.);

d.    failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks described in subparagraph (a)(i.–v.);

e.    failing to properly monitor the work of all agents, subcontractors, and/or employees during the performance of the tasks described in subparagraph (a)(i.–v.) to ensure compliance with applicable safety procedures;

f.    failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks described in subparagraph (a)(i.–v.);

g.    failing to perform the tasks described in subparagraph (a)(i.–v.) in conformity with the prevailing industry and governmental specifications and standards; and/or

h.    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to Defendant's undertakings in connection with the products' design, assembly, sale, marketing, distribution and/or testing.

17.    As a direct and proximate result of Defendant's above-described negligent and other standard-non-compliant acts and/or omissions, subrogors sustained and incurred damages to their property, as well as the imposition of other harms and expenses, in an amount in excess of $500,000.00.

18.    Pursuant to the terms and conditions of the above-described policy, Plaintiff made payments to subrogors consistent therewith in regard to such damages; Plaintiff thereby became subrogated to the recovery claims asserted in this action.

Case ID: 241000282

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant for damages in an amount in excess of $500,000.00, plus costs incident to this suit, delay damages and attorney fees, as well as for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT II – STRICT LIABILITY

19. Plaintiff repeats the facts and allegations stated in the prior paragraphs as though they were re-stated here.

20. Defendant is engaged, and at all relevant times was engaged, in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing, delivering, installing, marketing, and/or otherwise placing into the stream of commerce, *inter alia*, products such as the products.

21. Defendant designed, manufactured, marketed, distributed, tested, sold, and/or otherwise placed into the stream of commerce the products in a defective condition, unreasonably dangerous to consumers and others.

22. Defendant knew or should have known that the products would, and did, reach consumers – including the subrogors –without substantial change in the condition in which originally designed, manufactured, assembled, distributed, installed and sold.

23. The aforementioned defects consisted of:
    (a)   design defects;
    (b)   manufacturing defects;
    (c)   component defects;
    (d)   use- and/or installation-instruction and/or warnings defects; and/or
    (e)   a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe-use and safe-installation instructions.

24.     As a direct and proximate result of such defects, subrogors sustained and incurred damage to the subject property, as well as the imposition of additional expenses and harms, in an amount in excess of $500,000.00.

25.     For these reasons, Defendant is strictly liable to subrogors for the damages described herein under Section 402A of the Restatement (2d) of Torts, as well as the applicable statutory and case law of Pennsylvania.

26.     According to the terms and conditions of the above-described policy, Plaintiff made payments to subrogors consistent therewith in regard to such damages; Plaintiff thereby became subrogated to the recovery claims asserted in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant for damages in an amount in excess of $500,000.00, plus costs incident to this suit, delay damages and attorney fees, as well as for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT III – BREACH OF WARRANTY

27.     Plaintiff repeats the facts and allegations stated in the prior paragraphs as though they were re-stated here.

28.     At the time of distributing, installing and/or selling the products, Defendants had reason to know the particular purposes for which they would be used, and knew that its skill and judgment were being relied upon to furnish suitable products.

29.     Thus, Defendant breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code ("UCC") and 13 Pa.C.S.A. §2-315 in that the products were not fit for the particular purposes for which such products are required.

30.    In addition, Defendant breached the implied warranty of merchantability as set out in the UCC and 13 Pa.C.S.A. §2-314(c) in that the products were not fit for the ordinary uses for which such products are used.

31.    In addition, Defendant breached any and all express warranties made or relating to the products that became part of the basis of the bargain for sale of the products, in violation of the UCC and 13 Pa.C.S.A. §2-313.

32.    Subrogors' damages occurred as a direct and proximate result of Defendants' breach of their implied warranties of fitness for a particular purpose and merchantability as set out in the UCC and 13 Pa.C.S.A. §2-315 and §2-314(c) as a result of Defendants' breach of their expressed warranties in violation of the UCC and 13 Pa.C.S.A. §2-313.

33.    According to the terms and conditions of the above-described policy, Plaintiff made payments to subrogors consistent therewith in regard to such damages; Plaintiff thereby became subrogated to the recovery claims asserted in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant for damages in an amount in excess of $500,000.00, plus costs incident to this suit, delay damages and attorney fees, as well as for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**de LUCA LEVINE LLC**

BY:    _/s/ Daniel J. de Luca_
Daniel J. de Luca,
PA ATTY I.D. NO. 74727
Attorneys for Plaintiffs
(215) 383-0081 (phone)
ddeluca@delucalevine.com

**Dated:** 06 NOV 24

**VERIFICATION**

I, Daniel J. de Luca, being duly sworn and according to law, hereby depose and say that I am counsel for State Farm Fire and Casualty Company ("State Farm"), the Plaintiff in the attached Complaint.  I am authorized by State Farm to make this verification on its behalf.  I attest that, for all facts averred in the attached Complaint not of my own personal knowledge, I have received the necessary information from State Farm, and that all such facts are true and correct to the best of my knowledge, information and belief.

I understand that this verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

_/s/ Daniel J. de Luca_____

**Daniel J. de Luca**

**Dated:** 06 NOV 24

Case ID: 241000282

de LUCA LEVINE LLC
BY:  DANIEL J. de LUCA
PA ATTY I.D. NO.: 74727
301 E. GERMANTOWN PIKE, 3RD FLOOR
EAST NORRITON, PA  19401
(215) 383-0166

**ATTORNEYS FOR PLAINTIFF**

---

| | |
|---|---|
| **STATE FARM FIRE and CASUALTY CO.** | **COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PA** |
| **Plaintiff** | |
| v. | |
| **AMAZON.COM, INC.** | **Case ID: 241000282** |
| **Defendant** | |

---

## CERTIFICATE OF SERVICE

I, Daniel J. de Luca, hereby certify that a true and correct copy of Plaintiff's Complaint was served on the above-captioned Defendant via first class mail.

**de LUCA LEVINE LLC**

BY:   /s/ Daniel J. de Luca
      DANIEL J. de LUCA,
      Attorneys for Plaintiff
      PA ATTY I.D. NO.: 74727
      301 E. Germantown Pike, 3rd Floor
      East Norriton, PA  19401
      215-383-0081 (phone)
      215-383-0082 (fax)
      ddeluca@delucalevine.com

Case ID: 241000282

# EXHIBIT A



*Filed and Attested by the Office of Judicial Records 06 NOV 2024 03:01 pm S. GILLIAM*

State Farm # 38-56F8-75D          Insured: Janell Colon

Loss Location: 620 Christian St, Bethlehem, PA

DOL: 9/15/23

**Involved Hoverboard #1:** -  on charge at time of fire.

Hoverstar Hoverboard ordered on 9/18/2021 thru Amazon. Shipped 9/23/2021 - $134.99

Amazon link for hoverboard:
https://www.amazon.com/dp/B08KFM1ZML?ref_=cm_sw_r_apin_dp_EJWD5TMGDZFS50WWX
DNP&th=1



*Proof of Purchase from Amazon*

**Involved Charger:**

- Charger was received from Amazon on 9/15/23 (Friday) and was used to charge hoverboard #2. It was then used to charge Hoverboard #1 and was on charge at the time of the fire.



*Screenshot of purchase from insured*

- Amazon link for charger:
  https://www.amazon.com/dp/B0CBB84MQP?ref_=cm_sw_r_apin_dp_4Y158PPVAKH91QGV59ZM&th=1



*Charger box recovered from the trash can at the loss site*

Case ID: 241000282



*Amazon packaging as well as box for charger*

Case ID: 241000282